28 C.C.P.A. (Patents)

## In re PARKER.

### Patent Appeal No. 4488.

Court of Customs and Patent Appeals.
June 9, 1941.

Mason & Porter, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Judge.

The Primary Examiner of the United States Patent Office rejected claims 8 and 9, the only claims in appellant's application for a patent, which claims were drawn to cover a coupling for tubes. Upon appeal to the Board of Appeals, the decision of the examiner was affirmed, and appellant

petitions here for a review of the board's decision.

Claim 9 is illustrative and reads: "9. A coupling for tubes of uniform outside diameter and of variable wall thickness ranging between a predetermined minimum and maximum, the end of each tube being flared so that the outer face of the flare for all wall thicknesses shall be uniform, comprising a pair of coupling members having a threaded connection, one of said coupling members having a bore therethrough corresponding to the outer diameter of the tube and a clamping face corresponding to the angle of the outer face of the flared end of the tube, the other coupling member having a bore therethrough which corresponds to the bore of a tube of maximum wall thickness, and a clamping face which corresponds to the angle of the inner face of the flared end of a tube of average wall thickness."

The references relied upon are: Waite, 587,347, August 3, 1897; Hawkes, 633,959, September 26, 1899.

The examiner aptly described the alleged invention in the following terms: "The application relates to a well known type of screw thimble-flared pipe joint. The end of a soft metal tube such as copper is made with a flare of constant angle. The inside of the tubing at the flare, assuming because of the expansion, a slightly greater angle of taper than the outside of the tubing. The pipe to which the flared tubing is to be connected is formed at its end with a conical nipple to project into the flared end of the tubing. The screw thimble has at its inner end a tapered socket to engage the outside of the flared end of the tubing. The joint is designed so that the taper of the nipple and the inside of the flared tubing end are the same, for a tubing of correct dimensions. And the socket in the thimble has the same taper as the outside of the flared tubing end, for a tubing of correct dimensions."

Both claims were rejected as not patentably distinguishable over either Hawkes or Waite, each of which shows a combination which is substantially the same as the device here involved. Applying the references, the examiner said:

"* * * If the tubing of either Hawkes or Waite is made with a thinner wall than standard then the taper of the inside of the flared tubing end will not be so great and the tapered nipple will engage with the tubing only at its outer periphery. If, on the other hand, the tubing is made with a thicker wall than standard then the taper will be greater on the inside of the flared tubing end and the conical nipple will only engage with it at its smaller diameter. This is seen to follow directly from the teaching of Hawkes and Waite.

"It can not be assumed that the precision of manufacturing soft tubing was greater back in 1899 than it is now and that consequently patentees did not have to deal with the problem of making a fitting to fit any size pipe that was used. Instead we may assume that the tolerances were even greater then than now and that it is more likely than not that off size tubing was used in the joints shown by Waite and Hawkes, with the above-mentioned results. It is also seen that the nipples and thimbles of Waite and Hawkes would be designed to be of a size corresponding to the average size pipe. In fact, are not the pipes shown in the patent drawings just these same average sizes?"

The board said:

"The claims are anticipated by the patents cited, except as to their references to maximum and minimum wall thicknesses and the average wall thickness. Applicant has found that the clamping face * * on the inner member will be satisfactory if it corresponds to the angle of the inner face of the flared end of a tube of average wall thickness, that is, it is not necessary that the clamping face of the inner member should correspond exactly to the angle of the inner face of the specific flared end tube to be used.

"We do not believe it is invention to design parts for average conditions as to size of parts to be coupled or that it is patentable discovery to note that the couplings of the references would be operative on pipes with thinner walls than are shown therein."

The problem which appellant approached was to make a satisfactory coupling between two tubes of equal outside diameter but with varying wall thicknesses. It is obvious that the conical end portions of the coupling which fit against the flared ends of the tubes would not correspond exactly if the thickness of one wall was much greater than that of the other. All appellant has done is to make a coupling which will fit the tubes of average wall thickness. In this manner the coupling will fit more different sizes of pipes than if any other thickness was selected. It seems to us that there is

nothing unobvious about this and it would be absurd to make applicant's coupling fit either a tube of the greatest wall thickness or of the least wall thickness.

It is our view that appellant has done nothing more than to exercise good judgment as a skilled mechanic, and that the rejected claims define nothing which should be regarded as inventive.

The decision of the Board of Appeals is affirmed.

Affirmed.